(101 App. Div. 334)

PEOPLE ex rel. ROCHESTER GAS & ELECTRIC CO. v. PRIEST et al.,
                    Tax Com'rs, et al.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. TAXATION—VALUATION OF CORPORATE FRANCHISE—EFFECT OF DETERMINA-
    TION.
        Where the court has determined the valuation of a corporation fran-
    chise on certiorari to the Board of Tax Commissioners after notice to
    the counsel of the city, and the corporation has paid the tax as thus
    determined, it is error for the court to then set aside such determination,
    and admit the city into the proceeding to litigate the corporation's claim
    of inequality of assessment.

Appeal from Special Term, Albany County.

Certiorari, on the relation of the Rochester Gas & Electric Company, against George E. Priest and others, as Tax Commissioners of the state of New York, and others. From an order (85 N. Y. Supp. 235) granting the motion of the assessors of the city of Rochester to open a judgment and allow the assessors to defend the proceeding, relator appeals. Reversed.

Upon the 11th day of July, 1903, a writ of certiorari was issued by Justice John F. Parkhurst, of the Supreme Court, in behalf of the relator, directed to the State Board of Tax Commissioners, to review relator's assessment of a special franchise. The petition had alleged, among other things, that the assessment was unequal, in that the property assessed by the local assessors upon the local roll was assessed at only 80 per cent. of its real value, while the relator's franchise was assessed at its full value. This writ was return-able at a Special Term held by Justice Herrick upon the 27th day of June, 1903. The corporation counsel of the city of Rochester was given notice of this hearing. Upon the hearing the justice, after taking evidence, found the relator to have been unequally assessed, and reduced the valuation from the sum of $2,197,900 to $1,758,320. Thereafter, and upon the 30th day of June, the relator paid to the treasurer of the city of Rochester the sum of $30,539.91 —the amount found due upon the hearing upon the writ of certiorari afore-said. Thereafter, and upon September 11, 1903, the city of Rochester and the assessors of said city made application through the corporation counsel for, an order vacating the said order and judgment entered in the proceeding, and authorizing the said city and the said assessors to be made parties de-fendant to the proceeding with authority to defend the same. This applica-tion was made upon the affidavit of the mayor of the city, upon information and belief, to the effect that the property was not unequally assessed, in that the property assessed by the local assessors was assessed at full value, and

that the relator's property was assessed at no more than a proportionate value. Upon this motion the Special Term made an order to the effect that the said judgment should be vacated and set aside, and that the Board of Assessors of the city of Rochester be made parties to the proceeding, and authorized to raise the issue that the assessment of the relator's franchise was not at full value, and at no greater than a proportionate value with the assessment upon the local roll, and to offer such evidence upon such issue as they might be advised. From this order this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Albert H. Harris, for relator.

William W. Webb, for board of assessors of city of Rochester.

SMITH, J. The determination of the Special Term upon the writ was made upon notice to the corporation counsel of the city of Rochester. After that determination the relator paid to the city of Rochester the amount specified therein as the amount of tax for which the relator was justly liable. We are of opinion that the Special Term should not, after such payment, have set aside that determination, and admitted the respondents into the proceeding to litigate the relator's claim of inequality of assessment.

The order should therefore be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.